1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Paris Montana,

        Plaintiff

v.

Drive Time Credit Corporation, et al.,

        Defendants

2:15-cv-01063-JAD-GWF

**Order Denying Motion to Dismiss and
Lifting Discovery Stay**

[ECF No. 9]

      Plaintiff Paris Montana sues Drive Time Credit Corporation and Equifax Information Services for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by reporting inaccurate and misleading derogatory information about her credit.[1]  Plaintiff resolved her claim against Equifax,[2] and Drive Time moves to dismiss her claims against it, arguing that plaintiff missed the deadline for serving Drive Time with summons and complaint by nearly three weeks, so her claims must be dismissed under FRCP 4(m).[3]  In response, Montana asks the court to excuse her delay in service because her counsel did not realize that the process server was not timely doing his job.[4]  I exercise my discretion under FRCP 4(m) to extend the deadline, and I deny the motion to dismiss.

## Discussion

      At the time plaintiff filed this action, Rule 4(m) of the Federal Rules of Civil Procedure stated in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

---

[1] ECF No. 1.

[2] ECF No. 23.

[3] ECF No. 9.

[4] ECF No. 12.

extend the time for service for an appropriate period.[5]

The rule *requires* a district court to grant an extension upon a showing of good cause, and it *permits* the court to grant an extension even in the absence of that showing.[6]   This discretion is broad but not limitless.  "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"[7]

I do not find that plaintiff's counsel's failure to realize that his process server had failed to effectuate service before the 120-day deadline expired is good cause that requires me to grant an extension.  But I do find that the circumstances of this case nevertheless justify an exercise of my discretion to deem the service timely under Rule 4(m).  Service was ultimately effectuated on October 22, 2015, just 19 days late.  And Drive Time has not shown—and I find no evidence in the record demonstrating—that it suffered prejudice from this brief delay in service.  Accordingly, I exercise my discretion under FRCP 4(m) to grant a 19-day extension to the 120-day deadline *nunc pro tunc* and deem service on Drive Time timely under Rule 4(m).  The motion to dismiss is therefore denied.

In a footnote in its motion to dismiss, Drive Time notes that "If this Court elects not to dismiss the action pursuant to FRCP 4(m), the Court should be advised that this matter would be subject to arbitration, and DriveTime would be moving to dismiss and compel arbitration" on this basis.[8]   I do not interpret this statement as a motion to compel arbitration or a separate argument in support of dismissal because it seems clear to me that Drive Time only intended by this footnote to advise me that a motion to compel arbitration may be forthcoming depending on the outcome of this Rule 4(m) motion to dismiss.  And even if I were to broadly interpret this footnote as a request to dismiss based on an arbitration agreement, I would deny it because I do

---

[5] Fed. R. Civ. P. 4(m) (2015).

[6] *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

[7] *Id*. at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

[8] ECF No. 9 at 2, n.1.

not consider the merits of arguments raised merely in footnotes.  This placeholder tactic is unfair to responding litigants.  If Drive Time wishes to elect to arbitrate Montana's claim under a valid and enforceable arbitration agreement, and Drive Time believes that it requires relief from the court to do so, it should file a motion with properly authenticated exhibits that complies with Local Rule 7-2(a).

Accordingly, IT IS HEREBY ORDERED that Drive Time's Motion to Dismiss **[ECF No. 9] is DENIED.  The stay of discovery [ECF No. 21] is lifted.**  Drive Time has 14 days to answer the complaint.[9]

I also note that the plaintiff[10] filed a notice that she has settled her claim against Equifax, and she asks the court to set a deadline for the parties to file dismissal documents.  In light of this notice and request, IT IS FURTHER ORDERED that **plaintiff and Equifax have until June 10, 2016, to file their joint motion to dismiss plaintiff's claims against Equifax.**[11]

Dated:  June 2, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[9] Fed. R. Civ. P. 12(a)(4)(A).

[10] ECF No. 23.  The notice identifies the plaintiff as Reina Noemi C. Tanada; I assume this is an error left over from an old form.

[11] *See* Local Rule 7-1(c) (noting that stipulations require the agreement of all parties who have appeared; "A stipulation that has been signed by fewer than all the parties or their attorneys will be treated—and must be filed—as a joint motion.").